JABAR, J., dissenting.
[¶ 14] In addition to this case, the Court today issued an opinion in Higgins v. Wood , 2018 ME 88, 189 A.3d 724, which addressed a similar legal issue to the issue presented here. As I expressed in my dissenting opinion in Higgins , I believe that the plain language of 19-A M.R.S. § 1653(12)(A) (2017) and the plain language of the court order in this case should control the outcome. See 2018 ME 88, ¶¶ 57-67, 189 A.3d 724. Moreover, this case can be distinguished from our holding in Bartlett v. Anderson , 2005 ME 10, 866 A.2d 829, because, unlike the presumably undifferentiated child support order in Bartlett , the child support order in this case is differentiated. For these reasons, and because I believe that the Court does not apply the proper standard of review in this case, I respectfully dissent.
A. Standard of Review
[¶ 15] In this 80C appeal, where the Department of Health and Human Services Division of Support Enforcement and Recovery petitioned the Superior Court for review of its own hearing officer's decision, see 19-A M.R.S. § 2453 (2017) ; M.R. Civ. P. 80C, our review is necessarily constrained: with respect to "our constitutional separation of powers and statutes governing administrative appeals, our review of state agency decision-making is deferential and limited." Friends of Lincoln Lakes v. Bd. of Envtl. Prot. , 2010 ME 18, ¶ 12, 989 A.2d 1128 (citation omitted). One of the most important mandates relating to our review of agency decisions requires *870 that we "affirm findings of fact if they are supported by substantial evidence in the record, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency." Id. ¶ 13 (footnote omitted). Although the Court does not set forth a standard of review in its analysis, it is with this concept in mind that I turn to a brief discussion of the administrative decision.
B. The Hearing Officer's Factual Findings
[¶ 16] After a hearing held in September 2016, a hearing officer for the Division issued a decision, finding, after considering the applicable law as set forth in Bartlett , 2005 ME 10, ¶¶ 13-14, 17, 866 A.2d 829, that the child support order at issue delineated the amounts owed for the children based on their ages. Specifically, the hearing officer found that
The applicable child support order in this case reads in pertinent part as follows: "The child support obligation shall continue for each child until that child reaches the age of 18 ...." The order addresses weekly child support for a total of three children, one of whom ... turned 18 years of age on August 2, 2012. The attached child support worksheets indicate that the Non-Custodial Parent was ordered to pay 74.51% of the total weekly support obligation of $465.81, of which amount $140.00 represented the basic support entitlement for [the eighteen-year-old], less a health insurance adjustment of $99.81....
Per the terms of the applicable order, the Non-Custodial Parent's weekly child support obligation for [the eighteen-year-old] terminated as of August 2, 2012. Consequently, ... his weekly support obligation in this case automatically reduced from $247.19 to $142.95 (i.e., 74.51% of the remaining total weekly support obligation of $325.81, or $242.76, less $99.81) at that time.
Orders-like the order in this case-distinguishing between the amount owed for different children based on the ages of the children are "differentiated" orders. The use of the word "differentiate" in this context comports with the plain dictionary meaning of that word: "To make different by alteration or modification." Differentiate , The American Heritage Dictionary of the English Language (5th ed. 2016). Differentiated orders are distinguished from undifferentiated orders, which set forth a single payment obligation without allocating specific amounts for each child. See Bartlett , 2005 ME 10, ¶¶ 13-14, 17, 866 A.2d 829.
[¶ 17] Based on our limited and deferential review of factual findings contained in agency decisions, see Friends of Lincoln Lakes , 2010 ME 18, ¶ 12, 989 A.2d 1128, the hearing officer's factual findings, which are supported by substantial record evidence, should be affirmed. Because the hearing officer found that the child support order differentiated the amount owed based on the children's ages, any comparison to Bartlett v. Anderson , which analyzed the consequences of undifferentiated child support orders, is unhelpful in our analysis and inapplicable to this case. See generally 2005 ME 10, 866 A.2d 829.
C. Conclusion
[¶ 18] I would conclude that the plain language of 19-A M.R.S. § 1653(12)(A) and the plain language of the court order control here, and, alternatively, that we should defer to the agency's supported factual findings. As a result, I would hold that when the oldest child turned eighteen, the child support obligation as to him should have terminated without the need for the obligor to return to court.